IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI, EASTERN DIVISION

| | |
|---|---|
| WILLIE DANIEL,<br>BETTY DANIEL,<br>   Plaintiffs,<br><br>v.<br><br>AMERICAN MULTISPECIALTY<br>GROUP, INC., d/b/a Esse Health,<br>   Serve: Micheal Castelanno,<br>   12655 Olive Blvd., 4th Floor<br>   St. Louis, MO 63141<br>and<br>STANLEY VRIEZELAAR, M.D.<br>   Serve at:<br>   1027 Bellevue Ave., Suite 107,<br>   Richmond Heights, MO 63117<br>   Defendants. | Cause No.<br>Jury Trial Demanded |

**COMPLAINT**

**GENERAL ALLEGATIONS**

**PARTIES**

COMES NOW the Plaintiffs Willie Daniel and Betty Daniel and allege and state as follows:

1. Plaintiffs Willie Daniel and Betty Daniel are residents of the State of Georgia.

2. At all times relevant hereto, Plaintiff Betty Daniel was the lawful spouse of Plaintiff Willie Daniel.

3. Defendant American Multispecialty Group, Inc., doing business as Esse Health, is and at all times relevant hereto was, a corporation existing by and under the laws of the State of Missouri with its principle place of business in St. Louis County, Missouri, and engaged in the business of providing medical and ancillary services.

4. Defendant Stanley Vriezelaar, M.D., ("Vriezelaar") is, and at all times relevant hereto was, a

citizen of Missouri and a physician engaged in the practice of his profession in St. Louis County, Missouri, and duly licensed to practice medicine in the State of Missouri.

5. At all times relevant hereto, Vriezelaar held himself out and otherwise informed the public and Plaintiff, that he had and possessed requisite skill, competence, knowledge, facilities, personnel, equipment and information to properly care for and treat Plaintiff.

6. At all times relevant hereto Defendant Vriezelaar was a principle, employee, agent and/or apparent agent of Defendant American Specialty Group, Inc.

## JURISDICTION

7. This Court has jurisdiction over this action under 28 U.S.C. §1332(a)(1) because the Plaintiff and the Defendants are citizens of different states and the amount in controversy exceeds Seventy Five Thousand Dollars ($75,000.00).

8. The events described herein occurred at the offices of Esse Health located in St. Louis County, Missouri, within the geographic jurisdiction of this Court.

## VENUE

9. Venue is proper in this district under 28 U.S.C. §1391 because all Defendants reside in this District and this State.

10. Further, venue is proper in this district under 28 U.S.C. §1391 because the events or omissions giving rise to this claim occurred in this district.

## OCCURRENCES

11. On or about November 7, 2008, Plaintiff Willie Daniel drove himself to Defendant Vriezelaar's office and presented himself for an appointment.

12. At that time Plaintiff Willie Daniel advised Defendant Vriezelaar that while in his waiting room he was experiencing dizziness and nausea. Defendant Vriezelaar diagnosed Plaintiff

with acute vertigo. Defendant Vriezelaar then directed his staff to contact Plaintiff Betty Daniel to come and get Plaintiff Willie Daniel because he was unable to drive himself home.

13. Plaintiff Willie Daniel subsequently presented himself to St. Mary's Hospital and was diagnosed with a cerebellar stroke.

## COUNT I--MEDICAL MALPRACTICE

COMES NOW Plaintiff Willie Daniel and for his cause of action against Defendants American Multispecialty Group, Inc., and Vriezelaar, states:

14. Plaintiff incorporates by reference paragraphs 1 through 9 as if more fully set forth herein.

15. At all times relevant herein, it was the duty of Defendant Vriezelaar to exercise that degree of skill and care that ordinarily well-qualified physicians and surgeons possess and exercise under similar circumstances in the aforementioned locality or similar localities in which the aforementioned treatment was rendered to Plaintiff.

16. Defendant Vriezelaar negligently and unskillfully conducted himself and failed to exercise that degree of skill and care that ordinarily well-qualified physicians would exercise in similar circumstances, in that he:

    a. Failed to conduct a proper examination of Plaintiff;

    b. Failed to formulate a differential diagnosis;

    c. Failed to diagnose cerebellar stroke;

    d. Failed to refer Plaintiff;

    e. Failed to transfer Plaintiff to a hospital;

    f. Was otherwise negligent.

17. Defendant Vriezelaar knew, or should have known, that the actions above could or would result in injury to Plaintiff.

18. Defendant Vriezelaar's negligence caused or contributed to cause injury to Plaintiff.

19. As a direct and proximate result of the negligence and unskillfulness of Defendant Vriezelaar, Plaintiff suffered injuries including but not limited to: untreated cerebellar stroke, neurological injury and deficits, complications and complete disability and which caused him to incur medical and other expenses associated with treatment for same.

20. As a direct and proximate result of the negligence of Defendant Vriezelaar , Plaintiff has suffered pecuniary losses including but not limited to medical expenses and lost income.

WHEREFORE, Plaintiff prays for judgment against Defendants American Multispecialty Group, Inc, and Vriezelaar in a monetary amount in excess of Twenty Five Thousand Dollars ($25,000.00) that is fair and reasonable to compensate him for his injuries, together with his costs of court and for such further relief as the Court deems appropriate.

## COUNT II--LOSS OF CONSORTIUM

COMES NOW Plaintiff Betty Daniel and for her cause of action against Defendants Defendant American Multispecialty Group, Inc., and Stanley Vriezelaar, M.D., states as follows:

17. Plaintiff Betty Daniel incorporates by reference as if more fully stated herein all paragraphs set forth above.

18. Plaintiff Betty Daniel is the lawful spouse of Plaintiff Willie Daniel.

19. As a direct and proximate result of the actions of Defendant Vriezelaar as aforesaid, Plaintiff Betty Daniel has been denied the care, protection, consideration, services, support, companionship, sexual companionship, aid and society of Plaintiff Willie Daniel.

20. By reason of the loss of consortium, as described above, Plaintiff Betty Daniel has been damaged.

WHEREFORE, Plaintiff prays for judgment against Defendants Vriezelaar and American Multispecialty Group, Inc, in a monetary amount in excess of Twenty Five Thousand Dollars ($25,000.00) that is fair and reasonable to compensate her for her injuries, together with her costs of court and for such further relief as the Court deems appropriate.

## COUNT III-CONSTITUTIONAL ISSUES

COME NOW Plaintiffs, by and through their attorney, and state that Section 538.200 through 538.300, Section 408.040, Section 490.715, and Section 537.067 of the Revised Statutes of Missouri, as enacted or amended by House Bill 393 (2005), are unconstitutional under the Constitution of Missouri, void as against public policy, and inapplicable tot his cause of action for the following reasons:

21. House Bill 393 violates the requirements in Article III, Section 12 of the Missouri Constitution that a bill have only a single subject and that that subject be clearly expressed in its title.

22. Section 538.210 of the Revised Statutes of Missouri, which purports to limit plaintiff's recovery for noneconomic damages against health care providers in an action or damages for personal injury or death arising out of the rendering of or the failure to render health care services, violates:

    a. Plaintiff's right to equal protection of the law, guaranteed by Article I, Section 2 of the Missouri Constitution;

    b. Plaintiff's right to due process of law, guaranteed by Article I, Section 10 of the Missouri Constitution;

  c. Plaintiff's right to certain remedy for every injury, guaranteed by Article I, Section 14 of the Missouri Constitution;

  d. Plaintiff's right to trial by jury, guaranteed by Article I, Section 22(a) of the Missouri Constitution;

  e. the separation of powers, established by Article II, Section 1 of the Missouri Constitution; and

  f. the prohibition against special laws granting to any corporation, association, or individual any special or exclusive right, privilege or immunity, established by Article III, Section 40(28) of the Missouri Constitution.

23. Section 538.225 of the Revised Statutes of Missouri, which requires plaintiff's counsel to submit an affidavit stating that counsel has obtained the written opinion of a legally qualified health care provider that each defendant had breached the applicable standard of care, purports to limit the definition of "legally qualified health care provider," and purports to require the court to dismiss the action either if plaintiff's counsel fails to submit said affidavit or if, after *in camera* review of the written opinion, the court determines that there is not probable cause to believe that a qualified and competent health care provider will testify that the plaintiff was injured due to medical negligence by a defendant, violates:

  a. Plaintiff's right to open courts and a certain remedy for every injury, guaranteed by Article I, Section 14 of the Missouri Constitution;

  b. Plaintiff's right to trial by jury, guaranteed by Article I, Section 22(a)

      of the Missouri Constitution;

  c. the separation of powers, established by Article II, Section 1 of the Missouri Constitution; and

  d. the requirement that any law amending or annulling a Supreme Court rule of practice, procedure, or pleading be limited to that purpose, established by Article V, Section 5 of the Missouri Constitution.

24. Section 538.300 of the Revised Statutes of Missouri, which purports to exempt tort claims against health care providers from the statutory requirements for payment of pre- and post-judgment interest set forth in Section 408.040 of the Revised Statutes of Missouri, violates plaintiff's right to equal protection of the law, guaranteed by Article I, Section 2 of the Missouri Constitution and the prohibition against special laws granting to any corporation, association, or individual any special or exclusive right, privilege, or immunity, established by Article III, Section 40(28) of the Missouri Constitution;

25. Section 408.040 of the Revised Statutes of Missouri, which purports to establish different rates for the calculation of post-judgment interest in tort and non-tort actions, as well as different rates for the calculation of pre- and post-judgment interest in tort actions, violates plaintiff's right to equal protection by the law, guaranteed by Article I, Section 2 of the Missouri Constitution.

26. Section 490.715 of the Revised Statutes of Missouri, which purports to transfer from the jury to the court the authority to determine the value of

medical treatment rendered, violates plaintiff's right to trial by jury, guaranteed by Article I, Section 22(a) of the Missouri Constitution, and plaintiff's right to a certain remedy for every injury, guaranteed by Article I, Section 14 of the Missouri Constitution.

27. Section 537.067 of the Revised Statues of Missouri, which purports to eliminate the joint and several liability of tort defendants who are found to bear less than fifty-one percent (51%) of the fault for plaintiff's injuries, and to prohibit any party from disclosing the impact of this provision to the jury, violates the plaintiff' right to due process of law, guaranteed by Article I, Section 10 of the Missouri Constitution, and plaintiff's right to a certain remedy for every injury, guaranteed by Article I, Section 14 of the Missouri Constitution.

28. Sections 538.200 through 538.300, Section 408.040, Section 490.715, and Section 537.067 of the Revised Statutes of Missouri, as enacted or amended by House Bill 393 (2005) are void as against public policy.

WHEREFORE, Plaintiffs pray this Court declare Sections 538.200 through 538.300, Section 408.040, Section 490.715, and Section 537.067 of the Revised Statutes of Missouri, as enacted or amended by House Bill 393 (2005) unconstitutional, void as against public policy, and inapplicable to this cause of action, and for such other orders as this Court deems just and proper.

Respectfully submitted,
LAW OFFICES OF TODD N. HENDRICKSON

TODD N. HENDRICKSON  #6769
100 S. Brentwood Blvd., Suite 300
Clayton, Missouri 63105
(314) 721-8833
(314) 721-4944 fax
Attorney for Plaintiff